UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In Re:

      ERICK GONZALEZ,

                                       Chapter 13

                                       Case No.: 18-44118 NHL

                        Debtor.
----------------------------------------------------------------x

**AFFIRMATION IN RESPONSE TO BANK'S OBJECTION TO
DEBTOR'S REQUEST FOR LOSS MITIGATION**

TO:    THE HON. NANCY HERSHEY LORD
         UNITED STATES BANKRUPTCY JUDGE

        ROBERT NADEL, an attorney duly admitted to practice before this Court, affirms as follows:

        1.       I am an associate of Rosenberg Musso Weiner LLP, which is counsel to Erick Gonzalez ("Debtor"). Debtor filed a chapter 13 bankruptcy case in the Eastern District of New York on July 18, 2018. The chapter 13 Trustee assigned to the case is Marianne Derosa.

        2.       Schedule A/B of the petition indicates that the debtor owns real property located at 534 47th Street, Brooklyn, New York ("Residence"). Schedule D indicates that Seterus Inc. ("Seterus" or "Bank") holds a mortgage against the Residence.

        3.       On July 31, 2018, the Debtor filed a Request to Enter into Loss Mitigation with respect to the mortgage held by Seterus against the Residence. On August 13, 2018, Seterus filed an objection (the "Objection") to the Debtor's request for loss mitigation.

        4.       The Bank's objection states that the debtor's monthly income of $6,344.00 is

insufficient to allow the debtor to make even a modified mortgage payment.

5. Although the Bank is correct that schedule I, as originally filed, indicated that the debtor's workers compensation, social security and rent, collectively amounted to a net monthly income of $6344.00, the schedule has since been amended to incorporate the income of the debtor's domestic partner, Diana Morales. (See Ms. Morales' pay stubs and 2017 income tax return attached hereto as exhibit A.) Taking Ms. Morales' income into account, the debtor's household has a gross monthly income of over $10,500.00.

6. When I asked the debtor why he had not listed this income at the inception of the case, he stated that he had believed that, since he was filing an individual case, he was not supposed to include his domestic partner's income within schedule I. In short, the debtor misunderstood the questions asked of him at the consultation. This has been corrected with the submission of an amended schedule I and J (see amended schedules attached hereto as exhibit B), and an affidavit of contribution (attached hereto as exhibit C).

7. The Bank's Objection indicated an approximate payoff of $766,110.00. If the arrears were capitalized, and the debtor were given a rate of 3%, a forty year mortgage would require monthly payments of $3,440.85, including taxes and insurance. This proposed modified mortgage payment is no more than 33% of the debtor's household's gross monthly income.

8. The debtor has a more than sufficient income with which to meet his mortgage obligation if the mortgage were modified as described above. Consequently, the debtor respectfully requests that his Request for Loss Mitigation be granted.

WHEREFORE, it is respectfully requested that this Court grant the Debtor's Request to Enter into Loss Mitigation with respect to the Residence, and provide such other and further relief as this Court deems just and proper.

Dated: August 23, 2018
       Brooklyn, New York

                                        ROSENBERG MUSSO WEINER LLP
                                        Attorney for the Debtor

                                        ___/s/_Robert Nadel_____
                                        By: ROBERT NADEL (rn-1258)
                                        26 Court Street, Ste 2211
                                        Brooklyn, NY 11242
                                        (718) 855-6840